UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN PROVOST,<br>　　　　　Plaintiff,<br>　　v.<br>SAN BRUNO COUNTY JAIL NURSE, et al.,<br>　　　　　Defendants. | Case No. 23-cv-01520-WHO (PR)<br><br>**ORDER OF DISMISSAL** |

# INTRODUCTION

Plaintiff Steven Provost alleges that unnamed nurses failed to provide him with proper medical care, and in an unrelated claim, that his public defender was incompetent at trial. His 42 U.S.C. § 1983 complaint containing these allegations is now before me for review pursuant to 28 U.S.C. § 1915A(a).

Provost concedes that his claims against the unnamed nurses are unexhausted; they must be DISMISSED for that reason. And public defenders cannot be held liable under section 1983 for their actions as public defenders, so his claim against his public defender is DISMISSED WITH PREJUDICE.

# DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune

from such relief. *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Provost alleges that in December 2022, unnamed nurses at the San Bruno County Jail failed to provide him with proper medical care.  (Compl., Dkt. No. 7 at 2-3.)  He admits, however, that he has not exhausted his claims against them.  (*Id.* at 2.)  He is unsure whether there was a grievance system and asserts that if there were one, he was too ill to use it.

The fact that Provost's claims are unexhausted bars means that his claims cannot proceed at this time.  The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. 1997e(a).  Compliance with the exhaustion requirement is "mandatory," *Porter v. Nussle*, 534 U.S. 516, 524 (2002), and is "no longer left to the discretion of the district court," *Woodford v. Ngo*, 548

U.S. 81, 84 (2006). Courts may not create their own "special circumstances" exceptions to the exhaustion requirement. *Ross v. Blake*, 578 U.S. 632, 639 (2016) (reversing Fourth Circuit's ruling that failure to exhaust was justified where prisoner reasonably—even though mistakenly—believed he had exhausted remedies). Even "[w]hen a prison inmate seeks injunctive relief, a court need not ignore the inmate's failure to take advantage of adequate prison procedures, and an inmate who needlessly bypasses such procedures may properly be compelled to pursue them." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). After Provost has exhausted his claims, he may file a new section 1983 action. These claims are DISMISSED as unexhausted.

Provost also claims that his public defender was incompetent at trial. (Compl., Dkt. No. 7 at 3.) This claim would ordinarily be dismissed because it is unrelated to the prior claim; Provost would then be directed to file the claim in a separate section 1983 action. But this claim should be dismissed with prejudice because public defenders do not act as state actors; they cannot be held liable under section 1983 when they act as public defenders. *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981). Accordingly, this claim is DISMISSED WITH PREJUDICE.

## CONCLUSION

The complaint is DISMISSED. The claims against the jail nurses are DISMISSED without prejudice as unexhausted. After Provost has exhausted these claims, he may raise them again in a new section 1983 action. His section 1983 claim against his public defender is DISMISSED WITH PREJUDICE because a public defendant is not a state actor and cannot be liable under section 1983.

The Clerk shall enter judgment in favor of defendants and close the file.

**IT IS SO ORDERED.**

**Dated:** September 26, 2023

WILLIAM H. ORRICK
United States District Judge

3